**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**Thomas M. EGAN, et al., Defendants.**

No. 92 C 3480.

United States District Court, N.D. Illinois, Eastern Division.

April 7, 1993.

Bruce M. Lewitas, Chicago, IL, for plaintiff.

James X. Bormes, Eric Kevin Wein, Chicago, IL, for defendant Robert Stotler.

Robert C. Samko, Chicago, IL, for defendant James Mulka.

### MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

This Court's March 9, 1993 memorandum opinion and order separated the so-called "Relief Defendants" in this action brought by the Securities and Exchange Commission ("SEC") into two categories: "Settling Relief Defendants" and "Nonsettling Relief Defendants," a usage that will be continued here. SEC has now submitted a memorandum in support of an order of disgorgement from, and a declaration of constructive trust against, the few remaining Nonsettling Relief Defendants, despite their having paid sums in settlement of similar litigation brought against them by the Trustee in bankruptcy for Stotler & Company. One of the Nonsettling Relief Defendants, James Mulka ("Mulka"), has filed a memorandum in opposition in which he has since been joined by Robert Stotler ("R. Stotler").[1] For the reasons stated in this memorandum opinion and order, the Mulka–R. Stotler motion to bar such relief against them is denied.

That motion by the Nonsettling Relief Defendant misperceives the clearly established legal principles that control here. SEC's standing to obtain the equitable remedies that are now at issue stems from its duty to advance the *public* interest, something that is really separate and apart from (although it may frequently concur with) the interest of

---

**1.** As of March 9 there was a third Nonsettling Relief Defendant, Vincent Ciaglia ("Ciaglia"), but he has not joined in Mulka's current submission.

SEC's most recent filing says that Ciaglia is in the process of settling with SEC.

injured investors. Although it was stated in a somewhat different context, the concept expressed in *Secretary of Labor v. Fitzsimmons*, 805 F.2d 682, 692 (7th Cir.1986)[2] applies with equal force to this case:

> The government is not barred by the doctrine of *res judicata* from maintaining independent actions asking courts to enforce federal statutes implicating both public and private interests merely because independent private litigation has also been commenced or concluded.

SEC and the public have a substantial interest in the deterrence of securities violations, one of the goals furthered by SEC enforcement actions (*SEC v. First City Financial Corp.*, 890 F.2d 1215, 1230 (D.C.Cir.1989)):

> Disgorgement is an equitable remedy designed to deprive a wrongdoer of his unjust enrichment and to deter others from violating the securities laws.[3]

This Court has earlier held on more than one occasion in this action that the teaching of *SEC v. Cherif*, 933 F.2d 403, 414 n. 11 (7th Cir.1991) supports SEC's action against Relief Defendants here:

> A court can obtain equitable relief from a non-party against whom no wrongdoing is alleged if it is established that the non-party possesses illegally obtained profits but has no legitimate claim to them.

And of course Mulka's R.Mem. 1–2 misses the point in stating:

> Mr. Mulka is not a wrongdoer, he is a victim. He is as much a victim as the beneficiaries of the pension [in *Fitzsim-*

*mons*] or the other investors of Stotler & Company.

To be sure, Relief Defendants may not have been directly culpable in the securities violations, but what the SEC seeks to have them disgorge are the *benefits* that they derived from the violations by the culpable defendants. And those benefits—the unjust enrichment—are what trigger the application of the doctrine of constructive trust as "a device for preventing unjust enrichment" (*American Nat'l Bank & Trust Co. v. United States*, 832 F.2d 1032, 1035 (7th Cir.1987)).[4]

Accordingly this Court rejects the Mulka–R. Stotler position. SEC continues to be entitled to obtain disgorgement from Nonsettling Relief Defendants as well as to have a constructive trust imposed on the benefits that they have derived from Stotler & Co. (giving the Nonsettling Relief Defendants credit in each instance, of course, for the amounts that they have paid in settlement of the private litigation brought against them by the Trustee in bankruptcy).

---

2. Mulka's R.Mem. 1–2 devotes itself to an attempted distinction of *Fitzsimmons* from this case on the facts and the law. That misses the mark, however—what is relevant here is the approach that is represented by *Fitzsimmons*, reflecting a public policy that is just as relevant in this case.

3. [Footnote by this Court] Even though *First City* speaks of the unjust enrichment of a "wrongdoer" (an issue dealt with a bit later in this opinion), the deterrence purpose is not dependent on that status—for it is just as important to discourage illegal conduct by taking the proceeds of that illegality from those who have given no current value for the ill-gotten gains that have been turned over to them (even though they themselves have not directly engaged in the illegal activity).

4. Mulka Mem. 3 had cited that case for the proposition that the constructive trust doctrine is available only "to require a person that is innocently in possession of property which was originally procured by fraud or other inequitable conduct to convey the property back to the *injured owner*" (emphasis in Mulka's Memorandum). That situation is certainly present in most cases, but the use of the equitable remedy must be equally available to protect the public interest spoken of earlier in this opinion. If that were not the case, the interests of the beneficiary of the violation in retaining the unjust enrichment would gain preference over the public interest.